IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERNEST M. ESPARZA, | ) | Civ. No. 07-00375 SOM/LEK |
| | ) | Cr. No. 03-00127 SOM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION FILED |
| | ) | UNDER 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITION
FILED UNDER 28 U.S.C. § 2255

I.      INTRODUCTION.

On July 13, 2007, Petitioner Ernest Esparza moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Esparza had pled guilty to three counts of an Information.  These counts charged Esparza with two drug-related crimes and one gun crime.  Other, more serious, gun crimes were dismissed as a result of Esparza's plea.

On May 20, 2005, Esparza was sentenced to 168 months as to Count 1 (a methamphetamine crime) and 120 months as to Count 5 (a cocaine crime), with both terms running concurrently.  He was also sentenced to 60 months as to Count 4 (a gun crime), to be served consecutively with his sentence on Count 1.

For the reasons set forth below, Esparza's petition is denied without a hearing.

II.      <u>ANALYSIS.</u>

A federal prisoner may move to vacate, set aside, or correct his or her sentence if it "was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. § 2255.  Esparza's petition challenges this court's calculation of his sentence and argues that his counsel was ineffective. None of Esparza's arguments justifies § 2255 relief.

A.   Esparza Waived His Right to Collaterally Challenge
     <u>This Court's Calculation of His Guideline Range.</u>

In his June 14, 2004, Memorandum of Plea Agreement, Esparza "waive[d] his right to challenge any sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, subject only to the exception that the defendant may make such a challenge based on a claim of ineffective assistance of defense counsel."

In his petition, Esparza attempts to characterize his argument that this court miscalculated his guideline range as an ineffective assistance of counsel claim not barred by his waiver. Esparza says that his counsel was ineffective because he allowed Esparza to be sentenced to more prison time than he should have received.  Esparza's argument is simply an attempt to challenge

2

the manner in which this court calculated his guideline range.

Such a challenge has been waived.  In United States v. Anglin,

215 F.3d 1064, 1066-67 (9th Cir. 2000), the Ninth Circuit noted

that it "regularly enforces 'knowing and voluntary' waivers of

appellate rights in criminal cases, provided that the waivers are

part of negotiated pleas and do not violate public policy."  Id.

at 1066 (internal citation omitted).  The Ninth Circuit has

stated that waivers of section 2255 rights are similarly

enforceable.  See United States. v. Abarca, 985 F.2d 1012, 1014

(9th Cir. 1993).   The court's colloquy with Esparza when he pled

guilty establishes that his waiver of his § 2255 rights was

knowing and voluntary.  See Transcript of Proceedings (June 14,

2004) at 10-18.  Accordingly, Esparza waived his right to bring a

challenge under § 2255 to the manner in which this court

calculated his guideline range.

        Even if the court considers Esparza's challenge to this

court's calculation of his guideline range under the guise of an

ineffective assistance of counsel claim, that challenge is

without merit.  To establish ineffective assistance of counsel, a

defendant must show that (1) counsel's performance was deficient,

and (2) the deficient performance prejudiced the defense.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  There is "a

strong presumption" that counsel's conduct was reasonable and

that counsel's representation did not fall below "an objective

3

standard of reasonableness" under "prevailing professional norms." Id. at 688.  Even if a petitioner can overcome the presumption of effectiveness, the petitioner must still demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction," judicial scrutiny of counsel's performance is highly deferential. Id. at 689.

Esparza argues that, with respect to his plea of guilty to Count 1 of the Information, he should have been sentenced to 120 months of imprisonment.  Esparza says that because that count only charged him with knowingly and intentionally conspiring "to distribute and to possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance," he was subject to only the statutory minimum sentence of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A) and 846.  Esparza is wrong. He shows neither that his counsel's performance was deficient nor that he was prejudiced.

The Information charged and Esparza pled guilty to a crime that subjected Esparza to a mandatory minimum sentence of 120 months of imprisonment and a maximum term of life in prison.

4

In his plea agreement, Esparza stipulated to the amount of methamphetamine involved in Count 1 of the Information:

> The quantity of methamphetamine contained in the subject parcel and involved in Count 1 of the Information has been previously identified as Government Trial Exhibit 108 and is as described in the "Trial Stipulation, Re: Drug Testing" filed May 20, 2004, namely: d-methamphetamine hydrocloride (a methamphetamine salt), with a net weight of 2,635 grams and a purity of 94%, with the resulting amount of "pure" methamphetamine being 2,477 grams.

Memorandum of Plea Agreement (June 14, 2004) at 8-9.

Given this stipulation, Esparza's base offense level was 38. See U.S.S.G. § 2D1.1 (2003). The court subtracted two points for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and another point for his assistance to authorities pursuant to U.S.S.G. § 3E1.1(b), giving Esparza a total offense level of 35. This total offense level subjected Esparza to an advisory guideline range of imprisonment for Count 1 of 168 to 210 months. See Transcript of Sentencing (May 20, 2005) at 42 (noting that the guidelines are advisory). This guideline range was less than the statutory maximum of life in prison for Count 1, and the court did not unconstitutionally enhance Esparza's sentence when it sentenced him to the low-end of the advisory guideline range of 168 months imprisonment for Count 1 of the Information. See United States v. Buckland, 289 F.3d 558 (9th Cir. 2002). Esparza was charged in the Information and he pled

5

guilty to a crime involving more than fifty grams of "methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance."  This subjected Esparza to a sentencing range of ten years to life in prison.  Esparza received a legal sentence within that range.  See id.  Esparza's counsel was not ineffective in failing to object to this court's calculation of Esparza's sentence.

Esparza says that he did not know at the time he pled guilty what the drug amount was.  However, that amount was specifically stipulated to in his plea agreement.  Moreover, at Esparza's change of plea hearing, the Government indicated that, if the case had gone to trial, it would have proved that Count 1 involved 2,477 grams of pure methamphetamine.  See Transcript of Proceedings (June 14, 2004) at 31.  Esparza told this court at that hearing that the Government had not misstated any fact.  Id. at 34.  Esparza was certainly aware of the drug amount at issue in Count 1 at the time he changed his plea.

It appears that Esparza is also arguing that his counsel was ineffective because he allowed Esparza's sentence to be equivalent to a co-defendant's sentence.  Esparza says that the co-defendant had a prior conviction and was illegally in the United States and that, given the advisory nature of the sentencing guidelines, this court should have crafted a sentence that took into account his lack of criminal history.  The problem

6

with this argument is that the court did take that into account. See Transcript of Proceedings (May 20, 2005) at 44 ("I did consult the guidelines looking at the type and amount of methamphetamine, looking at his possession of a firearm, his acceptance of responsibility and the absence of earlier convictions."). Esparza had no criminal history points and was in criminal history category I.[1] Nothing in the record caused this court to think its proposed sentence was unreasonable. The court sentenced Esparza to the low end of his guideline range after considering the factors listed in 18 U.S.C. § 3553(a).

Moreover, Esparza's co-defendant received a longer sentence than Esparza for Count 1--188 months. Like Esparza, his co-defendant received no criminal history points and a two-point adjustment for his acceptance of responsibility, giving him a total offense level of 36, one offense level higher than Esparza. Esparza's counsel's performance was not deficient merely because Esparza's co-defendant was sentenced to the low end of the guideline range for a total offense level of 36. Although this court was not persuaded by Esparza's argument that he had only a

---

[1]Contrary to Esparza's assertions, this court was also aware that he was a father and that he graduated from high school. See Presentence Investigation Report ¶ 57 ("The defendant married Cherry née Pasion in 1994. They were divorced in 1998. Their two children, who reside with Pasion, are: Ernesto, age 10, and Angela, age 8."); ¶ 62 ("The defendant stated that he graduated from Permian High School, Odessa, Texas, in 1989 (pending verification).").

minor role in the conspiracy, Esparza's counsel certainly protected Esparza from other charges in the Third Superseding Indictment, such as the charges involving the Model AKM-47S assault rifle. Esparza has simply failed to show that his counsel's performance was deficient or that any deficiency prejudiced him.

      B.   <u>Esparza's Counsel Was Not Otherwise Ineffective.</u>

Esparza raises several other claims of ineffective assistance of counsel. None of these claims is meritorious, as Esparza fails to demonstrate that his counsel's performance was deficient or that he suffered prejudice as a result of his counsel's deficient performance.

Esparza argues, for example, that his counsel was ineffective because he "nearly obtained a perjury charge" by arguing that Esparza was coerced into signing the plea agreement by the Government's threat to go forward with certain assault rifle charges. Even if the court assumed that Esparza's counsel's performance in this regard was deficient, Esparza was not prejudiced by the argument. Esparza was not charged with perjury and the court allowed Esparza to talk to his counsel off the record to determine whether Esparza wanted to withdraw his guilty plea. Esparza's counsel's statements about the voluntariness of the plea agreement played no role in this court's determination of Esparza's sentence. Because he fails to

show prejudice, Esparza shows no ineffective assistance of counsel with respect to his argument that he was "nearly" charged with perjury.

Esparza's counsel was similarly not ineffective in attempting to convince this court that Esparza only played a minor role in the conspiracy.  That argument did not prejudice Esparza in any way.  Nor does Esparza show that, had his counsel done more investigation into certain facts, this court would have found that Esparza had a minor role in the conspiracy.  Esparza argues, for example, that, had his attorney done more investigation, he would have been able to establish that a certain letter had been written by his co-defendant.  However, this court noted at the sentencing hearing that, even if it assumed that letter was written by Esparza's co-defendant, the letter didn't demonstrate an entitlement to an adjustment for a minor role.  See Transcript of Proceedings (May 20, 2005) at 6-8, 10, 13, 18, 21, 26.  Esparza's counsel could not have been ineffective in failing to prove that the letter was written by the co-defendant because Esparza was not prejudiced by any such failure.

Esparza similarly fails to establish ineffective assistance of counsel through his argument that his counsel had failed "to seek out evidence from bank receipts, and other evidence to demonstrate his claims [that] the money from the

9

bedroom was legal and not from the drugs." At Esparza's sentencing, his counsel attempted to argue that $11,000 was found in the bedroom and that this money was money saved by Esparza from his job. It appears that, by the time of Esparza's sentencing, this money had been forfeited as drug proceeds without any objection. See Transcript of Proceedings (May 20, 2005) at 23-34. It is therefore highly questionable whether any evidence existed that this money was from a legitimate source. Even if Esparza could have proven that the money found was from a legitimate source, however, that fact would not have convinced this court that he was entitled to a determination that he played only a minor role in the conspiracy. The package in which the drugs were sent was addressed to Esparza, and he had the ability to control that package. Esparza had control of a firearm and was in a picture with other firearms. Esparza simply fails to demonstrate that, even assuming his version of the facts is true, he was prejudiced by his counsel's inability to actually prove that the money was from a legitimate source.

Esparza baldly claims that his counsel failed to keep him apprised of all matters to enable him to understand what was happening. This claim is not supported by any explanation and is contradicted by the record. At his change of plea hearing, for example, this court asked Esparza whether he had had a chance to go over his plea agreement with his attorney and whether he understood what it said. Esparza indicated that he did. See

Transcript of Proceedings (June 14, 2004) at 13.  Similarly, at his sentencing hearing, the court asked Esparza whether he had had the opportunity to review the presentence investigation report and whether his attorney had stated all of his objections to it.  See Transcript of Proceedings (May 20, 2005) at 2. Esparza fails to establish how he was prejudiced by any supposed failure by his counsel to keep him informed of what was going on and to explain what was happening.

To the extent Esparza argues that his counsel was ineffective because he fell asleep during debriefings, Esparza again fails to demonstrate any prejudice.  Even assuming that Esparza's counsel fell asleep during meetings with the Government prior to entering into the plea agreement, Esparza does not demonstrate any reasonable probability that, but for counsel's falling asleep, "the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

The court recognizes that, "when an attorney for a criminal defendant sleeps through a substantial portion of the trial, such conduct is inherently prejudicial."  See Javor v. United States, 724 F.2d 831, 833 (9th Cir. 1984).  Such prejudice is presumed "because unconscious or sleeping counsel is equivalent to no counsel at all," meaning that the defendant did not receive the legal assistance necessary to defend his interests at trial.  Id. at 834.

Here, however, even if Esparza was unconstitutionally denied his Sixth Amendment right to counsel during one or more custodial interrogations, Esparza makes no showing that those violations of his constitutional right to counsel affected his conviction or sentence.  Esparza knowingly and voluntarily entered into a plea agreement with the Government in which he admitted to certain crimes alleged in the Information.  Esparza does not show that any statement he made while his counsel was allegedly sleeping actually had any effect on his decision to enter into the plea agreement or on any factor relevant to his sentence.  Unlike the situation in which counsel falls asleep during a substantial portion of a trial--where prejudice is presumed--Esparza's counsel allegedly fell asleep before he entered into the plea agreement and was sentenced.  During the plea colloquy and during the sentencing, Esparza's counsel was awake and zealously represented his interests.  This court also had the opportunity to discuss those matters with Esparza and determined that he knowingly and voluntarily entered into his plea agreement and pled guilty.  Esparza's counsel was not constitutionally ineffective in allegedly sleeping during meetings with the Government because Esparza has not shown that he was prejudiced by his counsel's conduct.

Esparza's final argument is that his counsel was ineffective because he failed to raise on appeal a Speedy Trial Act argument.  The problem with this argument is that Esparza

fails to demonstrate that any of his Speedy Trial Act rights were violated given the motions filed, the superseding indictments, and the court orders excluding time.  Without such a violation, his counsel's failure to raise a Speedy Trial Act issue on appeal could not have been ineffective assistance of counsel.

        C.   <u>No Evidentiary Hearing is Required.</u>

        The records and files of this case conclusively show that Esparza is entitled to no relief.  Even assuming the facts in the light most favorable to Esparza, none of the issues raised in the petition or accompanying declarations demonstrates ineffective assistance of counsel because Esparza fails to demonstrate any prejudice.  Accordingly, this court decides this matter without an evidentiary hearing.  <u>See</u> <u>United States v. Zuno-Arce</u>, 339 F.3d 886, 889 (9th Cir. 2003) ("§ 2255 requires an evidentiary hearing unless the 'motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'") (quoting § 2255); Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Court ("If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.").

        There are no disputed facts relevant to this court's determination that Esparaza's counsel was not constitutionally ineffective.  Accordingly, this court is not required to hold an evidentiary hearing.  <u>See</u> <u>United States v. Schaflander</u>, 743 F.2d

714, 717 (9th Cir. 1984) (stating that an evidentiary hearing is required when "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted"). This is not a case in which this court must make credibility determinations based on conflicting declarations.  <u>See</u> <u>United States v. Chacon-Palomares</u>, 208 F.3d 1157, 1159 (9th Cir. 2000) (requiring an evidentiary hearing when credibility determinations are necessary to adjudicate a § 2255 petition).

III.      <u>CONCLUSION.</u>

For the reasons set forth above, Esparza's § 2255 petition is denied without a hearing.  The Clerk of Court is directed to send a copy of this order to: (1) Esparza; (2) Arthur E. Ross, 841 Bishop Street, Ste. 2115, Honolulu, HI 96813; and (3) Assistant United States Attorney Michael K. Kawahara.  The Clerk of Court is also directed to close this matter.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 5, 2008.



<u> /s/ Susan Oki Mollway </u>
Susan Oki Mollway
United States District Judge

<u>Esparza v. United States</u>, Civ. No. 07-00375 SOM/LEK; Cr. No. 03-00127 SOM; Order Denying Petition Filed under 28 U.S.C. § 2255.